UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS TRAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> CARLA GROSS, *et al.*, <br><br> Defendants. | Case No. 25-cv-11183 <br> Honorable Brandy R. McMillion <br> Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT AND DISMISS THE ACTION
WITHOUT PREJUDICE
(ECF NOS. 19, 32)**

## I.   Introduction

Plaintiff Dennis Traylor, a prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983 against nurses Carla Gross and Melynda Reuther; Dr. Robert Crompton; and Jane Doe, a nurse practitioner. ECF No. 1. The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13. Gross, Reuther, and Crompton move for summary judgment for failure to exhaust administrative remedies. ECF No. 19; ECF No. 32. The Court

**RECOMMENDS** that defendants' motions be **GRANTED** and that the case be **DISMISSED WITHOUT PREJUDICE**.

## II. Background

Traylor alleges that, on October 6, 2023, he was brought to the hospital for a surgery on his leg but instead had surgery on his arm.  ECF No. 1, PageID.7.  Defendants, healthcare providers at the prison, allegedly refused to treat Traylor and denied him pain medication after his surgery and through October 17, 2023.  *Id.*, PageID.7-8.  Traylor asserts that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  *Id.*, PageID.4-5.

Gross and Reuther moved for summary judgment for failure to exhaust in July 2025.  ECF No. 19; ECF No. 32.  Although the Court extended the response deadline to September 8, 2025, Traylor did not respond.  ECF No. 23.  The Court ordered Traylor to show cause why defendants' motions should not be granted.  ECF No. 30; ECF No. 33.  Traylor claimed that he had responded to the motion via letters to the Court.  ECF No. 31.  Those letters do not respond to the substance of defendants' motions.  ECF No. 25; ECF No. 27; ECF No. 28; ECF No. 31; ECF No. 34.  Instead, Traylor asked the Court for the name of the attorney assigned to his case and for the entire transcript of his case.  *Id.*  He also

disputed his medical care and other conditions of confinement, but those objections do not concern the subject of this action—Traylor's post-surgical care in October 2023.  *Id.*

Traylor has not moved to appoint counsel, and the Court has entered no order appointing counsel.  Given the Court's orders requiring a response to the dispositive motion, extending the deadline to respond, and to show cause why the motions should not be granted, Traylor had ample notice that he needed to respond.  Yet he did not, instead expecting the Court to advance the action in response to his letters.  But "the court is not expected to advance a pro se litigant's claim or argument, or become an advocate for the pro se litigant." *Lindemann-Moses v. Jackmon*, 669 F. Supp. 3d 517, 522 (M.D.N.C. 2023) (cleaned up).[1]

When a plaintiff fails to respond or otherwise oppose a defendant's motion, the Court may consider the plaintiff to have waived opposition to the motion. *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th

---

[1] Litigants proceeding *in forma pauperis* are also not entitled to free copies of court records.  *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("28 U.S.C. § 1915(a)…does not give the litigant a right to have documents copied and returned to him at government expense."); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) ("The statutory right to proceed in forma pauperis…does not include the right to obtain copies of court orders without payment therefor."); *Hurst v. Warden*, No. 2:09-cv-1042, 2010 WL 1687675, at *1 (S.D. Ohio Apr. 22, 2010) (citing cases).

Cir. 2008). Still, a defendant "bears the burden of demonstrating the absence of a genuine issue as to a material fact," and "must always bear this initial burden regardless if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). Defendants' motions have merit.

### III.   Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue

4

for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must

5

offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up).  Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

Michigan Department of Corrections Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances.  ECF No. 19-2.  The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues. *Id.*, PageID.267, ¶¶ W, CC.  The prisoner may then file a *Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due.  *Id.* at PageID.269, ¶ JJ.  The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II

6

response or, if no response was received, within ten business days after the date the response was due. *Id.* at PageID.270, ¶ NN. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Defendants submit a Step III grievance report showing that Traylor pursued two grievances through Step III between October 2023 and March 2024: SRF-23-10-0836-28e and SRF-23-10-0851-28C.[2] ECF No. 19-3, PageID.275. SRF-0836 concerned the issues litigated here and was denied on the merits at Steps I and II. *Id.*, PageID.287-289. The Step II denial was issued on December 21, 2023, but Traylor did not submit a Step III appeal until March 13, 2024, nearly three months later. *Id.*, PageID.275, 285, 287. The Step III appeal was denied as untimely, as it was submitted more than ten business days after the Step II response was completed. *Id.* at PageID.285; ECF No. 19-2, PageID.270, ¶ NN. SRF-0836 does not exhaust Traylor's claims because his Step III appeal did not comply with the procedural rules. *See Belser v. Woods*, No. 17-2411, 2018 WL

---

[2] The Court refers to the grievances by the prison's three-letter abbreviation and four-digit identifier (e.g., SRF-0836). Defendants explain that the grievance report contains a database entry error indicating that SRF-0836 was filed at Step I in October 2024 instead of October 2023. ECF No. 19, PageID.248 n.3; ECF No. 19-3, PageID.275. The Step I grievance form states that it was received on October 20, 2023. ECF No. 19-3, PageID.288.

6167330, at *2 (6th Cir. July 6, 2018); *McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 750 (E.D. Mich. 2011).

SRF-0851 grieves another surgery that took place on October 19, 2023. ECF No. 19-3, PageID.292. The grievance stated that Traylor underwent a cardiac procedure despite receiving no information about what type of procedure was being performed. *Id.* He disagreed with the procedure after it was completed, and Gross allegedly denied him pain medication after the surgery. *Id.* "The issues [a plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance." *Vandiver v. Martin*, 48 F. App'x 517, 519 (6th Cir. 2002); *see also Ford v. Martin*, 49 F. App'x 584, 585 (6th Cir. 2002). SRF-0851 concerns different issues than those raised in the complaint and does not exhaust Traylor's claims.

Courts must sua sponte dismiss a claim filed by a pro se prisoner if the claim (1) is frivolous, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from that relief. 28 U.S.C. § 1915A; *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Sua sponte dismissal is especially warranted when "the claims against non-appearing defendants are the same as those against appearing-defendants." *Coleman v. Snyder*, No. 17-11730, 2018

WL 4103364, at *2 (E.D. Mich. Aug. 29, 2018). Traylor makes the same claims against the Jane Doe nurse practitioner as he does against the other defendants. Although Doe is unknown and has not appeared in this case, the claims against her should be dismissed sua sponte because Traylor has not exhausted his claims.

## IV.   Conclusion

The Court **RECOMMENDS** that defendants' motions be **GRANTED** (ECF No. 19; ECF No. 32) and that the case be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: December 15, 2025


## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2025.

s/Davon Allen<br>
DAVON ALLEN<br>
Case Manager